IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| CHRISTOPHER WINTERHAWK,<br><br>  Plaintiffs<br><br>vs.<br><br>THE CITY OF FARMINGTON, JON LILLYWHITE, individually and as a Law Enforcement Officer employed by FARMINGTON POL DEPARTMENT, and CHIEF STEVE HEBBE, individually and as Chief of Police of the FARMINGTON POLICE DEPARTMENT,<br><br>  Defendants. | No.   1:15-cv-01074-PJK-LF |

MEMORANDUM OPINION AND ORDER
GRANTING IN PART AND DENYING IN PART MOTION TO DISMISS

  THIS MATTER comes on for consideration of Defendants' Motion to Dismiss filed December 15, 2015.  Doc. 5.  Upon consideration thereof, the motion is well-taken in part and should be granted in part and denied in part.

  (1) In this civil rights action, Plaintiff contends that Defendant Lillywhite applied for and obtained a warrant for Plaintiff's arrest for burglary, omitting important and exculpatory material facts that likely would have caused the magistrate not to issue the warrant.  Doc. 1-1 at ¶¶ 20-22.  Plaintiff was arrested in Colorado, extradited to New Mexico, confined, and eventually the charges were dismissed.  Id. at ¶¶ 23-25.  Plaintiff

brings state-law claims for false arrest and imprisonment (Count I), and a federal civil rights claim based upon the Fourth, Fifth, Eighth, and Fourteenth Amendments based upon the same underlying conduct (Count II).  Id. ¶ 44.

(2) In deciding a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a court assesses whether the complaint contains sufficient facts to contain a plausible claim for relief, i.e. that a defendant is liable for injury to a plaintiff.  Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009); Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 556 (2007).  Although we construe the facts contained in the complaint in the light most favorable to the plaintiff as the non-movant, when a claim is precluded by law, dismissal is appropriate.

(3) Defendants have moved to dismiss the federal civil rights claim on the basis that the federal constitutional claim in Count II is really pursuant to the Fourteenth Amendment and Plaintiff has an adequate remedy under the New Mexico Tort Claims Act.  The Act waives governmental immunity for a variety of torts committed by law enforcement officers including false arrest, false imprisonment, malicious prosecution and abuse of process.  N.M. Stat. § 41-4-12.

In Myers v. Koopman, 738 F.3d 1190 (10th Cir. 2013), the court held that a Fourteenth Amendment claim for deprivation of liberty without due process of law could be dismissed where an analogous state-law tort claim was available for a state actor's unauthorized conduct, where such lawless conduct could not have been anticipated prior to the deprivation.  Id. at 1193-94.

> Here, Myers alleges that Koopman conjured up facts to create the illusion of probable cause for an arrest warrant and subsequent prosecution. Such lawlessness could not have been anticipated or prevented pre-deprivation, but a post-deprivation malicious-prosecution claim serves as an effective antidote. Colorado law provides that remedy.

Id. at 1193.

Defendants rely upon the distinction drawn in Mondragon v. Thompson, 519 F.3d 1078 (10th Cir. 2008), that a claim for unconstitutional imprisonment arises under the Fourth Amendment if the plaintiff was imprisoned without legal process–the analogous state-law torts are false arrest or false imprisonment. Id. at 1082. On the other hand, where the plaintiff was imprisoned with legal, but wrongful process, the claim arises under the Fourteenth Amendment. Id. Defendants contend that Plaintiff is limited to a Fourteenth Amendment claim and that he can pursue his state tort claims in Count I as an adequate remedy given the waiver of immunity in the state tort claims act. Doc. 5 at 6. According to the Defendants, Plaintiff concedes that he was arrested pursuant to a legally issued warrant. Doc. 5 at 6; Doc. 18 at 2.

(4) As Plaintiff points out, the Tenth Circuit has recognized that the Fourth Amendment may provide a basis for a § 1983 claim analogous to malicious prosecution given a faulty probable cause determination based upon false information in an affidavit. See Myers, 738 F.3d at 1195; Wilkins v. DeReyes, 528 F.3d 790, 799 (10th Cir. 2008); Becker v. Kroll, 494 F.3d 904, 914 (10th Cir. 2007). The complaint includes a reference to the Fourth Amendment. Doc. 1-1 at ¶ 44. Dismissal of Count II is not warranted at this time.

(5) The court will dismiss the Fourteenth Amendment claim, however, based upon the reasoning in Myers. 738 F.3d at 1193. Plaintiff contends that because New Mexico also waives immunity for the deprivation of federal civil rights, the state has recognized that remedies on state-law causes of action may be inadequate. The adequacy of the state-law remedy, however, is judged by whether the state actor's harmful conduct is unauthorized and could not have been anticipated pre-deprivation. The New Mexico Court of Appeals has not only recognized this, but also held that New Mexico's malicious abuse of process tort provides an adequate remedy. See Benavidez v. Shutiva, 350 P.3d 1234, 1243 (N.M. Ct. App. 2015).

NOW, THEREFORE, IT IS ORDERED, ADJUDGED, and DECREED that Defendants' Motion to Dismiss filed December 15, 2015 (Doc. 5) is granted insofar as a Fourteenth Amendment due process claim contained in Count II. That claim is dismissed. In all other respects, the motion is denied.

DATED this 16th day of February 2016, at Santa Fe, New Mexico.

*Paul Kelly Jr.*
United States Circuit Judge
Sitting by Designation

Counsel:
Patricia G. Williams, Wiggins, Williams & Wiggins, P.C., Albuquerque, New Mexico for Defendants.

Arlon L. Stoker, Farmington, New Mexico, for Plaintiff.